**David M. SAYKALLY; Teri L. Saykally, Petitioners— Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 05–75128.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 16, 2007 *.

Filed Sept. 7, 2007.

Robert Rubin, Esq., Sacramento, CA, for Petitioners–Appellants.

Robert R. Di Trolio, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Ellen P. Delsole Fax, Eileen J. O'Connor, Esq. Fax, DOJ–U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

MEMORANDUM **

David M. Saykally[1] appeals from the U.S. Tax Court's judgment that he was not entitled to a current deduction for research and development ("R&D") expenses

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Teri L. Saykally is also a petitioner-appellant herein, by reason of having filed a joint income tax return with her husband, David Saykally. Because only the activities of David are relevant to the issue in this appeal, we refer only to him.

under I.R.C. § 174. As the facts and procedural posture of this case are known to the parties, we repeat them here only as necessary.

For the reasons well-stated in its opinion, we conclude that the Tax Court did not err in holding that Saykally was not entitled to a deduction for R&D expenses under I.R.C. § 174. *See Kantor v. Comm'r,* 998 F.2d 1514, 1518 (9th Cir. 1993). We have held that R&D expenses are not deductible under I.R.C. § 174 unless a taxpayer demonstrates a " 'realistic prospect' of subsequently entering *its own business* in connection with the fruits of the research" by manifesting (1) the "objective intent" to enter such a business, and (2) the "capability of doing so." *Kantor,* 998 F.2d at 1518 (citations omitted) (emphasis added). Saykally failed to demonstrate that he possessed the requisite objective intent at the time he incurred the R&D expenses. The record before us plainly indicates that Saykally engaged in the R&D efforts to create technology which could be licensed to another entity for use in that entity's existing business, not his own. *Id.* at 1519 ("In order to qualify for the section 174 deduction, a taxpayer's existing or prospective business must be its own and not that of another entity.").

Saykally argues that this case is indistinguishable from and therefore controlled by our decision in *Scoggins v. Commissioner,* 46 F.3d 950, 953 (9th Cir.1995). We disagree. Saykally contends that *Scoggins* set forth six factors that compelled our conclusion in that case that the taxpayers manifested the objective intent to enter a trade or business of their own. While Saykally is correct in asserting that several of those factors are present here, he fails to recognize that we never limited the relevant factors to those relied upon in *Scoggins,* and he ignores several adverse factors not present in that case. Most importantly, unlike the taxpayers in *Scoggins,* the record here contains overwhelming evidence to support the Tax Court's finding that Saykally engaged in R&D activities to benefit a separate entity, not to enter a business of his own with the fruits of those efforts.

Accordingly, we conclude that the Tax Court did not err in holding that Saykally lacked the objective intent necessary to deduct his R&D expenses under I.R.C. § 174.

**AFFIRMED.**